IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JIMMY LEE MATHIS, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 5:17-CV-00173-RWS |
| | § | |
| v. | § | |
| | § | |
| BRYAN COLLIER, EXECUTIVE DIRECTOR; ANGELINA ALEXANDER, ADMIN ASST. III; PAMELA THIELKE, TDCJ DIVISION DIRECTOR; AND RISSIE OWENS, PARDON AND PAROLE DIVISION; | § § § § § § | |
| | § | |
| Defendants. | § | |

# ORDER

The Plaintiff Jimmy Mathis, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. § 1983 complaining of alleged violations of his constitutional rights. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Pursuant to 28 U.S.C. § 1915A, the Magistrate Judge reviewed Plaintiff's pleadings and determined the lawsuit is, in effect, a challenge to the calculation of his sentence and his parole eligibility. Docket No. 9 at 4. Accordingly, to recover damages for an allegedly unconstitutional conviction or imprisonment, Plaintiff must show the challenged conviction or sentence has been reversed, expunged or otherwise declared invalid. *Id.* (citing *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *McGrew v. Texas Bd. of Pardons and Paroles*, 47 F.3d 158, 161 (5th Cir. 1995)). Having not done so, Plaintiff's claim for monetary damages is barred by *Heck* until he can show

the conviction or sentence has been overturned, expunged or otherwise set aside, including through calculating the sentence as concurrent rather than consecutive.

Mathis received a copy of the Magistrate Judge's Report but filed no objections thereto; accordingly, he is not entitled to *de novo* review by the District Judge of those findings, conclusions and recommendations, and except upon grounds of plain error, he is barred from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the District Court. 28 U.S.C. § 636(b)(1)(C); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

Nonetheless, the Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge and agrees with the Report of the Magistrate Judge. *See United States v. Raddatz*, 447 U.S. 667, 683 (1980) ("[T]he statute permits the district court to give to the magistrate's proposed findings of fact and recommendations 'such weight as [their] merit commands and the sound discretion of the judge warrants . . . .' ") (quoting *Mathews v. Weber*, 23 U.S. 261, 275 (1976)). It is accordingly

**ORDERED** the Report of the Magistrate Judge (Docket No. 9) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** the above-styled civil action is **DISMISSED WITH PREJUDICE** until the *Heck* conditions are met. The dismissal of this civil action should have no effect upon Plaintiff's right to challenge any of his convictions through any lawful means.

**So ORDERED and SIGNED this 30th day of October, 2019.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE